UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROBERT A. ZANDER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 10-2000 (JDB) |
| DEPARTMENT OF JUSTICE, et al. | ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

This action concerns plaintiff's requests made under the Freedom of Information Act (FOIA) for documents from the Federal Bureau of Prisons (BOP) and the U.S. Department of Justice (DOJ). Compl. ¶ 1, ECF No. 1. Plaintiff has filed a motion in which he asserts that, in response to the request to BOP, that agency "served upon Plaintiff approximately 15 pages of documents supposedly responsive to Plaintiff's June 21, 201[0] FOIA request." Pl.'s Mot. for Stay to File Objections to Def. BOP's Late March 1, 2011 Resp. to Pl.'s June 21, 2011 FOIA Request at 1, ECF No. 20 [hereinafter Mot.]. Plaintiff notes that he has been informed of his right to appeal this release, *id.* (citing 28 C.F.R. § 16.9), but expresses concern that doing so would "divest this Court of jurisdiction" over this action and that defendants might resultantly move to dismiss this action, *id.* at 1–2. Plaintiff thus asks the Court for an "order staying the appeal requirements of 28 CFR § 16.9." Mot. at 1. This motion will be denied.

The Court notes that § 16.9 does not *require* an appeal. *See* § 16.9 ("If you are dissatisfied with a component's response to your request, you *may* appeal an adverse determination . . . .") (emphasis added). However, the Court recognizes that plaintiff is

concerned with the effect that participating in the administrative appellate process might have on his existing litigation. There is no cause for such concern. Although the BOP has moved for summary judgment following its document release, it does not argue that the Court lacks jurisdiction over this action because of that release. *See* 2d Mem. of P. & A. in Supp. or Defs.' Mot. for Summ. J., in Part, ECF No. 15-6 [hereinafter Mem.]. Nor could it make such argument; under the FOIA caselaw of the District of Columbia Circuit, exhaustion of administrative remedies is a "jurisprudential doctrine," not a matter of jurisdiction. *Hidalgo v. FBI*, 344 F.3d 1256, 1258–59 (D.C. Cir. 2003). Moreover, where, as in this case, an agency has failed to timely respond to a FOIA request and a requester commenced a FOIA action before the agency made any response whatsoever, a requester is deemed to have constructively exhausted his administrative remedies and does not need to first administratively appeal an adverse determination before proceeding with already-begun litigation. *Pollack v. DOJ*, 49 F.3d 115, 119 (4th Cir. 1995); Mem. at 3 (admitting that BOP failed to respond to plaintiff's request prior to this litigation). That Court concludes, then, that plaintiff's fear of dismissal for lack of jurisdiction if he avails himself of the administrative appellate process now is unwarranted.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Stay to File Objections to Defendant BOP's Late March 1, 2011 Response to Plaintiff's June 21, 2011 FOIA Request, ECF No. 20, is **DENIED**.

/s/
JOHN D. BATES
DATE: May 10, 2011                                     United States District Judge